UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HABEEB YAZDANI ,

    Plaintiff,

 -vs-                                      Case No.
                                              Hon.

PINNACLE FINANCIAL GROUP INCORPORATED,

    Defendant.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit Resides in West Bloomfield, Michigan in Oakland County.

4. Pinnacle Financial Group Incorporated, ("PFGI") is a corporation doing business in Michigan.

### Venue

5. The transactions and occurrences which give rise to this action occurred in Oakland County.

6. Venue is proper in the Eastern District of Michigan.

1

## General Allegations

7. On March 2nd, 2007, Dr. Yazdani turned in a lease vehicle to Bob Saks Buick-Oldsmobile.

8. On March 2nd, 2007, Plaintiff turned the lease vehicle in with 25,391 miles on it and received an odometer statement and inspection sheet from the dealership.

9. Plaintiff also promptly paid GMAC for the extra 1,391 miles.

10. Unfortunately, an employee at Bob Saks Buick-Oldsmobile failed to turn the vehicle over to GMAC for almost two months, drove the vehicle for his personal use and ran up an extra $1,921.00 worth of charges on the lease vehicle.

11. After countless hours on the phone with GMAC, and after he was able to prove with his documentation that he was not responsible and that GMAC's agent, Bob Saks Buick-Oldsmobile was responsible, GMAC assured Plaintiff that he would not be billed for the excess charges.

12. At some point prior to July of 2008, GMAC assigned the alleged debt to the Defendant.

13. In July of 2008, the Defendant, PFGI, began its attempts to collect on an alleged debt.

14. The Plaintiff, Dr. Yazdani, has explained to the Defendant that he does not owe the alleged debt and has continuously disputed that debt with GMAC.

15. The Defendant did not comply with 15 U.S.C. § 1692g in that the Defendant never sent the required notice pursuant to that section.

16. During the past several months, the Plaintiff and his wife have received numerous harassing and abusive calls from the Defendant.

17. PFGI has threatened to report the alleged debt to the police.

18. PFGI has threatened to report the alleged debt to the police.

19. PFGI has threatened to have Dr. Yazdani prosecuted.

20. PFGI discussed the alleged debt with Plaintiff's wife telling her that her husband was in a lot of trouble and that she was going to end up in a lot of trouble, also.

21. The harassing and abusive phone calls to Dr. Yazdani have continued during work hours in spite of Dr. Yazdani's insistence that he could not speak to these debt collectors during the day.

22. The harassing and abusive phone calls to Dr. Yazdani 's wife have reduced her to tears.

23. On October 24, 2008, Dr. Yazdani sent a letter to the Defendant stating that he disputed the debt and refused to pay it.

24. October 27, 2008, the Defendant received the letter stating that the Plaintiff disputed the debt and refused to pay it.

25. By law, upon receipt of this letter, Defendant was required to cease and desist its collection activities.

26. In spite of PFGI's legal duties, PFGI continued to abuse and harass Dr. Yazdani by calling him repeatedly on October 27th, 28th and 29th, 2008.

27. During the most recent phone calls, PFGI represented to Dr. Yazdani that it had received his dispute letter and that such a letter would not stop PFGI from continuing to call.

28. During the most recent phone calls, PFGI represented to the Plaintiff that it had spoken directly to GMAC and that GMAC had accused Plaintiff of being a liar.

### COUNT I – Fair Debt Collection Practices Act (PFGI)

29. Mr. Yazdani incorporates the preceding allegations by reference.

30. At all relevant times PFGI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

31. PFGI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

32. PFGI 's foregoing acts in attempting to collect this alleged debt against Mr. Yazdani constitute violations of the FDCPA.

33. Mr. Yazdani has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (PFGI)

34. Mr. Yazdani incorporates the preceding allegations by reference.

35. PFGI is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

36. Mr. Yazdani is a debtor as that term is defined in M.C.L. § 339.901(f).

37. PFGI 's foregoing acts in attempting to collect this alleged debt against Mr. Yazdani constitute violations of the Occupational Code.

38. Mr. Yazdani has suffered damages as a result of these violations of the Michigan Occupational Code.

### Demand for Jury Trial

39. Plaintiff demands trial by jury in this action.

## **Demand For Judgment for Relief**

*ACCORDINGLY, Mr. Yazdani requests that the Court:*

*a.     Assume jurisdiction over all claims.*

*b.     Award actual damages.*

*c.     Award statutory damages.*

*d.     Award punitive damages.*

*e.     Award statutory costs and attorney fees.*

                                 Respectfully Submitted,

                                 ADAM G. TAUB & ASSOCIATES
                                 CONSUMER LAW GROUP, PLC

                        By:    <u>s/ Adam G. Taub</u>
                                 Adam G. Taub (P48703)
                                 Attorney for Habeeb Yazdani
                                 18930 West 10 Mile Rd. Suite 2500
                                 Southfield, MI 48075
                                 Phone:  (248) 746-3790
                                 Email:   adamgtaub@clgplc.net

Dated: October 30, 2008